## MILTON H. SWIFT et al.

### v.

## HENRY ALLEN.

1. CHANCERY—*decree dismissing bill, whether conclusive.* A decree rendered on the hearing of a suit in chancery, simply dismissing the bill, is conclusive, and will bar the parties from re-opening the questions litigated in that suit, in another case; but if the bill is dismissed "upon the ground that a court of law is the proper forum in which to try the matters in controversy in the suit," then the decree will operate only as a dismissal of the bill without prejudice.

2. NOTICE—*amendment of final decree—of notice to the solicitor.* Notice of an application to amend a final decree, at a subsequent term, was served upon the solicitor of the opposite party, and it was held not to be availing as notice to the party himself, because the connection of the solicitor with the case terminated with the final decree.

3. SAME—*of a verbal notice. Quære,* whether verbal notice in such case is sufficient.

4. SAME—*of notice by posting.* Notice of an application for such an amendment, posted on the door of the court house, in the county in which the suit had been pending will not avail.

5. SAME—*to whom notice must be given.* And notice in such case to one defendant would not affect the rights of another defendant, the latter claiming as purchaser from the former.

6. SAME—*necessity of notice.* A final decree dismissing a bill, was amended at a subsequent term so as to operate as a dismissal of the bill without prejudice, without notice to the party whose rights were to be affected by the amendment : *Held,* the amendment was absolutely void for want of such notice, and could be assailed in a collateral as well as in a direct proceeding.

APPEAL from the Circuit Court of DeKalb county; the Hon. THEODORE D. MURPHY, Judge, presiding.

The opinion states the case.

Mr. R. L. DIVINE, for the appellants, insisted that a court has the power to amend its decree at a term subsequent to that

at which it was rendered, and in matter of substance, citing *Porter* v. *Vaughan,* 22 Vt. 269 ; *Bilanski* v. *The State,* 3 Minn. 427 ; *Burnett* v. *The State,* 14 Texas, 455 ; *Dumas* v. *Hunter,* 30 Ala. 188 ; *Sims* v. *Boynton,* 32 Ala. 353 ; *Farmer* v. *Wilson,* 34 Ala. 75 ; *Brady* v. *Beason,* 6 Iredell, 425 ; *The State* v. *King,* 5 ib. 203 ; *Galloway* v. *McKeithen,* ib. 12 ; *Fay* v. *Wenzell,* 8 Cush. 315 ; *Balch* v. *Shaw,* 7 ib. 282 ; *Ordroneaux* v. *Prady,* 6 S. & R. 510 ; *The Inhabitants of Limerick, etc.* 18 Maine, (6 Shepley) 183 ; *Chamberlain* v. *Crane,* 4 N. H. 115 ; *Frink* v. *Frink,* 43 N. H. 508 ; *King & Huston* v. *State Bank,* 4 English, (Ark.) 185 ; *Arrington* v. *Conrey et al.* 17 Ark. 100 ; *Close.* v. *Gillespie,* 3 Johns. 526 ; *The President, etc.* v. *Seymour & Smith,* 14 Johns. 219 ; *McManus* v. *Richardson,* 8 Blackf. 100 ; *The State* v. *Hood,* 3 ib. 352.

In *O'Connor* v. *Mullen,* 11 Ill. 57, more than three years after the judgment was rendered, the record was amended in a material respect, so as to make valid the judgment that would otherwise have been erroneous ; and it was held that the court might properly allow this amendment on motion, but that it was error to do so without notice to the adverse party.

To similar effect are *Mitcheltree* v. *Sparks,* 1 Scam. 122 ; *Hunter* v. *Sherman,* 2 ib. 545 ; *Duncan* v. *McAfee,* 3 ib. 93.

In *Frame* v. *Frame et al.* 16 Ill. 155, it was held that the probate court might properly order its record to be extended so as to show a final settlement of the affairs of the administrator, seventeen years after the settlement was in fact made.

See also *McCormick* v. *Wheeler,* 36 Ill. 119 ; *Cooley* v. *Scarlett,* 38 Ill. 318 ; *Means* v. *Means,* 42 Ill. 51.

Mr. Charles Kellum, for the appellee.

Either the court had the right to make the amendment on its own motion without notice to the parties, or the amendment does not change their rights. It is not denied that amendments in matter of form may be made at a subsequent term, but it is believed that under the practice in this State it can not be done except on notice. *Cook* v. *Wood,* 24 Ill. 295 ; *Smith* v. *Wilson,* 26 Ill. 188.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court :

This was an action of ejectment brought by the appellants. Both parties claimed under Levi Lee. The plaintiffs claimed under an attachment, judgment and execution against Lee ; the defendant, under a conveyance from him, made before the attachment was levied. The plaintiff sought to impeach the title of the defendant, as having been made to defraud creditors. The defendant insisted, and the court held, that a former decree of the court, on the chancery side, rendered in a suit between the same parties brought for the purpose of setting aside defendant's title, was conclusive upon this question. By that decree the complainants' bill was dismissed, in the following words :

" And now come the parties, by their respective solicitors, and on hearing the bill herein, it is ordered by the court that said bill be dismissed."

At a subsequent term this decree was amended, on motion, by adding these words :

" Upon the ground that a court of law is the proper forum in which to try and determine the matters in controversy in this suit."

The question presented by this record is, the effect of this amendment.

It is conceded the decree, as originally made, would bar the plaintiffs herein from re-opening the question of fraud. It is claimed, however, that the amendment so changes the decree that it is to be considered as a decree dismissing the bill without prejudice. This would, no doubt, be a proper construction of the amendment, and its materiality is thus apparent. This brings us to the question of the power of the court to make it.

The only notice given to the defendants in the chancery suit, of the intention to move for an amendment of the decree, was a verbal notice to their solicitor, and a written notice addressed to the defendants, Lee and Webster, posted on the court house

20—55TH ILL.

door, seven days before the motion was made. It is also claimed that Lee was present in the court house when the motion was discussed, and that he had received verbal notice of its pendency.

All this, however, was no notice, whatever, to Webster, the real party in interest, who claimed by deed from Lee. The notice to the solicitor was of no avail, because his connection with the suit had terminated with the final decree, even if a merely verbal notice could be held sufficient in any case—a position to which we by no means assent. So, also, of the notice to Lee. It was not only merely verbal, but if it had been in writing, it could not affect the rights of Webster, who claimed to own the property by virtue of a deed from Lee. Neither is notice to be presumed from posting on the court house door. We have no statute authorizing notice to be thus given in proceedings of this character, and the posting of this notice was but an idle ceremony. Webster was a resident of Ohio, and there is no pretense that the notice was ever seen by him.

The amendment having, then, been made without notice to the defendant in this suit, it is, as to him, a nullity. The court acted without jurisdiction. It could no more impair his rights by an order made in the guise of an amendment, without first bringing him before the court, than it could do so by pronouncing a new decree. The order making the amendment was not merely erroneous, as suggested by counsel. It was absolutely void, for want of jurisdiction, and can be assailed in a collateral as well as in a direct proceeding.

*Judgment affirmed.*