MARTIN W. MANN, Defendant in Error, *v.* JOHN G. SCHROER, Plaintiff in Error.

1. *Mechanics' lien — Petition — Amendment — Ninety day limitation.* — An amended petition correcting the original description in a suit on a mechanic's lien is merely a continuance of the original action, and where that was brought within ninety days after filing the lien, plaintiff is not barred by the lien limitation law.

2. *Judgment* nunc pro tunc — *Motion for — Notice of, etc.* — Where a clerk, in entering up judgment on a mechanic's lien, omitted to make a special judgment, the entry of a special judgment correcting the mistake *nunc pro tunc*, without notice to defendant, is not such an error as would render the judgment void or could be taken advantage of in a collateral proceeding. But where the case is directly brought up by writ of error, the failure of plaintiff to notify defendant of his motion to correct the judgment will render it proper to reverse and remand the cause, with leave to plaintiff to renew his motion.

*Error to Henry Circuit Court.*

*J. La Due,* for plaintiff in error.

I. The original petition, so far as enforcing said pretended lien was concerned, was totally defective, and no special judgment could have been rendered thereon. That being the case, the law does not allow the filing of an amended petition constituting an entirely new cause of action, after it is too late to bring said action in an original suit.

II. The general judgment rendered in this cause in the Circuit Court operated to destroy, and release the property from, the lien (if any there was at that time), and that general judgment never having been disturbed, vacated or set aside, no lien on the property has ever attached the second time by virtue of the subsequent proceedings of the court below pretending to correct the original judgment.

III. There certainly was no lien on the real estate described in the amended petition during the six months intervening from the rendition of the general judgment to the time of the pretended special judgment; and in the meantime the property changed hands. Can it be contended that a new lien could be created by the court six months thereafter?

IV. In this case it was impossible to except or object to the proceedings in the court in the attempt to reform or correct the original judgment, as no notice was given to the defendant in the court below or his attorney, and he knew nothing of the proceedings until after the judgment of the court.

*F. P. Wright*, for defendant in error, relied upon Gibson v. Chouteau's Heirs, 45 Mo. 171.

ADAMS, Judge, delivered the opinion of the court.

This was an action brought on a mechanic's lien. In his original petition the plaintiff misdescribed the property on which he filed the lien. At a subsequent term, and more than ninety days after the lien was filed, he filed an amended petition correcting the description. The defendant filed answer, and among other things set up that the suit was not commenced within ninety days after the lien was filed.

The original petition was filed and the writ of summons was issued within the ninety days, and the amended petition was only a continuance of the original proceeding, and not the commencement of a new action. The court tried the case at the October term, 1870, and gave judgment for the plaintiff. No motion was made to set aside the judgment, or for a new trial, nor was any bill of exceptions saved.

The clerk, however, in entering up the judgment, omitted to make it a special judgment on the lien sued on, and it stood thus until the next term of the court, when the plaintiff filed a motion to have an entry *nunc pro tunc* of the proper judgment, correcting the clerical mistake in the original judgment; and such judgment was accordingly entered as of the last term. It does not appear from the record that the defendant had any notice of

this motion or of the action of the court upon it. After the end of a term at which a final judgment is rendered, the defendant is no longer in court for any purpose connected with such judgment. But the entry of this *nunc pro tunc* judgment, without notice to the defendant, is not such an error as would render the judgment void, or as could be taken advantage of in a collateral proceeding. The case, however, has been brought before us by writ of error, and we are called upon to act directly upon the record. While it is perfectly competent at a subsequent term to make such entries in furtherance of justice, we think the defendant ought to be notified to show cause why such entry should not be made. He may be able to show that the judgment has been satisfied, and therefore that such entry might be unnecessary. But unless good cause is shown, the court undoubtedly ought to make the entry.

As the defendant was not notified and did not appear, this *nunc pro tunc* judgment is reversed and the cause remanded, with leave to the plaintiff to renew his motion for a *nunc pro tunc* judgment. The other judges concur.

*J. LaDue*, for plaintiff in error.