ODELL v. REYNOLDS et al.

(Circuit Court of Appeals, Sixth Circuit. October 28, 1895.)

No. 264.

1. JUDGMENT—CORRECTION OF ERRORS—END OF TERM.
Courts have power to correct their judgments (as distinguished from altering or amending them), after the end of the term, so as to make them conform to the fact; that is, to the actual proceedings in court, and the judgment directed to be entered thereon. This power, however, should be cautiously and discreetly used.

2. SAME—NOTICE TO PARTIES.
Judgments may be corrected after the end of the term in two classes of cases: (1) Where the necessity for the correction, and the matter from which it is to be made, appear upon the face of the record; (2) where justice requires a correction to be made from matters resting in the recollection of the judge, or in evidence aliunde. In the former case, notice to the parties is unnecessary; in the latter, if the matter rests in the recollection of the court, it is doubtful whether notice is required; if it rests in evidence aliunde, notice is necessary, and the correction would be void without it.

3. SAME—JUDGMENT ON COGNOVIT NOTES.
Where an action was brought on 12 promissory notes, each containing a warrant of attorney authorizing any attorney at law to confess judgment, and a cognovit was filed by an attorney styling himself as such, but the judgment entered recited that the cognovit was filed by defendant's "attorney in fact," and that the judgment was for the amount due "on the note," held, that the judgment might be corrected in these particulars, after the end of the term, by an order nunc pro tunc, without notice to defendant.

4. SAME—WARRANTS OF ATTORNEY—JOINDER OF CAUSES OF ACTION—PROMISSORY NOTE.
Where 12 promissory notes were given by the same party at the same time, each containing a warrant of attorney authorizing any attorney at law to confess judgment thereon, and all the notes came into the hands of plaintiff, who sued upon all in one action, held, that the authority given by the warrant of attorney extended to the filing of a cognovit in that action covering all the notes, and that it was not restricted to confessing judgment upon each note in a separate suit thereon.

In Error to the Circuit Court of the United States for the Western Division of the Southern District of Ohio.

This action was brought by the plaintiff in error, James A. Odell, against Frank Reynolds and his guardian, upon a judgment rendered by the superior court of Cook county, Ill., on the 18th day of April, 1892, in favor of this plaintiff, and against the said Frank Reynolds, for the sum of $25,000, upon 12 promissory notes, aggregating in amount $25,000, and bearing date the 11th day of April, 1892, each of which was accompanied by a warrant of attorney to confess judgment thereon. Nine of these notes were for the sum of $2,000 each, and three were for the sum of $2,333.33 each. Four of the notes were payable to the order of C. H. Odell, four to the order of J. A. Odell, and four to the order of L. J. Odell, and were all indorsed to James H.

Odell, the present plaintiff. The notes and the warrants of attorney embodied therein were all in the same form, except as they varied in the amounts, time fixed for payment, and the person to whose order they were payable, respectively. A copy of one of them is here given:

"$2,000 00.                                                  Chicago, Ill., April 11th, 1892.

"On or before the 11th day of May, 1892, the subscriber, whose post office is Cincinnati, county of Hamilton, state of Ohio, promise to pay to the order of C. H. Odell, two thousand dollars. Payable at ——, for value received, with 6 per cent. interest per annum from date. Payable annually; with exchange, on New York or Chicago, and expense of collection. If interest is not paid annually, to become principal, and draw same rate of interest herein stated. And I hereby irrevocably make any attorney at law my attorney for me and in my name to appear in any court of record in the United States or territories, in or out of term, at any time after date hereof, to waive service of process, to confess a judgment on this note in favor of the payee or holder hereof, for such sum as shall at such time appear to be unpaid hereon, and for costs, including ten dollars, if amount unpaid is $100 or less (or ten per cent. if amount is over $100) for attorney's fees; to agree that no writ of error or appeal shall be prosecuted on such judgment, nor any bill in equity exhibited to interfere therewith; to release all errors in the entering of such judgment or issuing the execution thereon, and to consent to the immediate issuing of such execution.

"Resides ——, miles —— of P. O.                        Frank Reynolds. [Seal.]
"Witness: ——.
"No. ——."

Indorsements: "Pay to the order of James H. Odell, C. H. Odell. The Stone Lake Ice Co., Frank Reynolds, Prest."

On the 18th day of April, 1892, the present plaintiff, by Monroe & McShane, his attorneys, filed in the office of the clerk of the superior court of Cook county his declaration upon all of the above notes, counting upon each separately, and also a cognovit signed by Edward Hagemann, Jr., as defendant's attorney, and an affidavit of J. A. Odell, in proof of the signatures to the notes and powers of attorney. The cognovit and affidavit were in the form following:

"Frank Reynolds ads. James H. Reynolds. Cognovit. April Term, A. D. 1892.

"And the said Frank Reynolds, defendant in the above-entitled suit, by Edward Hagemann, his attorney, comes and defends the wrong and injury, when, etc., and waives service of process, and says that he cannot deny the action of the said plaintiff, nor but that he, the said defendant, did undertake and promise, in manner and form as the said plaintiff has above complained against him, nor but that the said plaintiff has sustained damages on occasion of the nonperformance of the several promises and undertakings in the said declaration mentioned, including the sum of twenty-five hundred dollars for reasonable attorney's fees for entering up this judgment, over and above the other costs and charges by him about the suit in this behalf expended, making the total of such indebtedness, principal and attorney's fees, the amount of twenty-five thousand dollars; and the said defendant further agrees that no writ of error or appeal shall be prosecuted on the judgment entered by virtue hereof, nor any bill in equity filed to interfere in any manner with the operation of said judgment, and that he hereby releases all errors that may intervene in entering up the same, or issuing the execution thereon, and consents to immediate execution upon such judgment.

"Edward Hagemann, Jr., Defendant's Attorney."

"State of Illinois, County of Cook—ss.: J. A. Odell, being duly sworn, deposes and says that he is acquainted with the handwriting of Frank Reynolds, the maker of the 12 annexed notes and powers of attorney; and deponent further says that the signatures to the said notes and powers of attorneys is the genuine signatures of the said Frank Reynolds, and that affiant saw him sign said notes.                                               J. A. Odell.

"Subscribed and sworn to before me, this 18th day of April, A. D. 1892.
"[Seal.]        James C. McShane, Notary Public in and for Said County."

And on the same day, it being one of the days of the April Term of that court, the following judgment was rendered:

"Confession, Assumpsit.
"James H. Odell vs. Frank Reynolds. 139,389.

"And now, on this day, comes the plaintiff to this suit, by Monroe & McShane, his attorneys, and files herein his certain declaration in a plea of trespass on the case upon promises. And thereupon also comes the said defendant, by Edward Hagemann, Jr., his attorney in fact, and files herein his warrant of attorney, the execution of which being duly proven, and also his cognovit, confessing the action of the plaintiff against him, the said defendant, and that the plaintiff has sustained damages herein by reason of the premises against him, the said defendant, to the sum of twenty-five thousand dollars. On motion of plaintiff, leave is given him by the court to enter up a judgment herein for the amount due on the note filed in said cause, together with attorney's fees, as provided in said warrant of attorney. Therefore it is considered by the court that the plaintiff do have and recover of and from the defendant his said damages of twenty-five thousand dollars, in form as aforesaid by the said defendant confessed, together with his costs and charges in his behalf expended. and have execution therefor."

After the expiration of that term, and on the 26th day of February, 1893, in the February term of that court, the following proceedings were had therein, and entered of record:

"James H. Odell vs. Frank Reynolds. No. 139,389.

"It is hereby ordered, adjudged, and decreed that the judgment record in the above-entitled cause be corrected and amended nunc pro tunc as of the 18th day of April, A. D. 1892, as follows: Strike out the words, 'And thereupon also comes the said defendant, by Edward Hagemann, Jr., his attorney in fact, and files herein his warrant of attorney,' and insert in lieu thereof the following words: 'And thereupon comes the said defendant, by Edward Hagemann, Jr., his attorney at law of this court, who appeared as attorney in fact under the warrants of attorney filed in this case.' And strike out the words, 'For the amount due on the note filed in said cause, together with attorney's fees, as provided in said warrant of attorney,' and insert in lieu thereof the following: 'For the amount due on the notes filed in said cause, together with attorney's fees, as provided in said warrants of attorney.'"

The judgment remaining unsatisfied, the plaintiff brought this action in the circuit court of the United States for the Southern district of Ohio, counting upon the said judgment. Loretta Reynolds, as guardian of said Frank Reynolds, answered that Frank Reynolds was adjudged to be insane by the probate court of Hamilton county, Ohio, on the 26th day of October, 1892, upon a judgment of that court rendered on the 12th day of May, 1892, whereby he was adjudged to be a lunatic; and she set up several defenses,—that the plaintiff was not the real party in interest; that the said superior court of Cook county never obtained jurisdiction of the person of Frank Reynolds, and had no power or authority to render the judgment; that said Frank Reynolds, at the time of the execution of the notes and powers of attorney, was insane and incapable of entering into any contract or performing any valid act, and was insane at the time of the filing of the petition and recovery of the judgment in the superior court of Cook county; and that this was known to the plaintiff in that suit when he sought and obtained the judgment; and that the said notes were not, nor were any of them, due at the date of the said judgment. The answer also denied each and every allegation in the petition in the present suit. The deposition of Edward Hagemann, Jr., was taken by the plaintiff, in which he testified that, at the time when the judgment was rendered in the superior court of Cook county, he was an attorney at law living in Chicago, and had been admitted to practice in Illinois in the summer of 1891. Upon the trial of the case in the court below, the plaintiff offered in evidence a transcript of the proceedings had in the superior court of Cook county, including the judgment and the order made on the 26th day of February, 1893, for the correction and amendment thereof. Defendants objected, first, to the last-mentioned order, and moved to have it stricken out. The

objection was sustained, and the motion granted, to which counsel for plaintiff excepted. Whereupon counsel for defendants further objected to the record of the judgment in the case. The objection was sustained, and counsel for the plaintiff excepted. Thereupon counsel for the plaintiff offered the deposition of Hagemann to prove that he was an attorney at law of the court in which the judgment was rendered, to which counsel for the defendants also objected, and, the court having sustained the objection, counsel for the plaintiff excepted. Thereupon counsel for plaintiff again offered in evidence the transcript above mentioned, and it was again objected to by counsel for defendants, and the objection was sustained by the court. No ground for any of the objections upon which the transcript and deposition were ruled out was stated, except a general one of incompetency. Thereupon the court instructed the jury to find a verdict for the defendants, which was done, and judgment was entered accordingly. Plaintiff thereupon removed the case into this court by writ of error.

Robert Ramsey, for plaintiff in error.
Joseph Wilby, for defendants in error.

Before TAFT and LURTON, Circuit Judges, and SEVERENS, District Judge.

SEVERENS, District Judge, having stated the case as above, delivered the opinion of the court.

The first question to which we shall give attention arises upon the objection of the defendant to the entry made by the superior court for Cook county on the 26th day of February, 1893, in correction and amendment of the judgment it had rendered on the 18th day of April, 1892. The grounds of that objection. as stated by counsel for defendant in error in argument, are: First, that the court had no power to make the order, for the reason that the term at which the judgment was rendered had expired; and, secondly, that the order was made without any notice to the defendant of the proposed action, and without his knowledge. It must be admitted that, by the expiration of the term, the court had no longer any power or authority to alter the judgment actually rendered at the former term in any essential particular. But it is too much to say that the court had not the power to correct it so as to make it conform to the fact; that is to say, to the actual proceedings in court and the judgment directed to be entered thereon. On the contrary, it is a power inherent in the authority of every court having general jurisdiction to correct errors in the making up of its records whereby they fail to express the truth in regard to its proceedings. And this power may be exercised by the court at any time when the error is brought to its attention, and no injury is likely to happen to the parties or other persons by its exercise. No doubt, such power should be cautiously and discreetly used, but that it exists is well established by authority. It is the settled doctrine of the English courts, and in most of the courts of this country. Freem. Judgm. § 71; Gilmer v. City of Grand Rapids, 16 Fed. 708; In re Wight, 134 U. S. 136, 10 Sup. Ct. 487; Emery v. Whitwell, 6 Mich. 474; Frink v. Frink, 43 N. H. 508. In the second case just cited, Wight had applied to the circuit court for the Eastern district of Michigan for a writ of habeas corpus to be delivered from imprisonment in the House of Correction at Detroit, to which he had been

sentenced by the district court for the same district. The superintendent of the House of Correction responded that he held Wight in custody under that sentence. Thereupon the petitioner showed that after his trial and conviction, but before sentence, the case was by an order duly made by the district court removed into the circuit court, and thereupon claimed that the district court lost its jurisdiction over him and so that its sentence was void. There was no record of anything done in the case in the circuit court by way of remanding it; but the judges of that court, recollecting that they had made an order at a former term remanding the case to the district court, directed instanter that the order be entered nunc pro tunc, and thereupon discharged the writ, and remanded the petitioner. The supreme court held that this did not transcend the power of the court.

In the present case counsel for the defendant submit as a vital objection to the action of the Illinois court in making the entry for correction of February 26, 1893, that "to make that finding, and insert it in the judgment nunc pro tunc, was to materially add to and substantially modify the judgment that was rendered at the prior term; for it involved the very character and scope of the agency to which alone Reynolds had committed the right to enter his appearance and confess judgment." But the consequence of the correction is no test of the power of the court to make it. In Wight's Case, just cited, the effect of the entry was to annihilate the whole foundation on which his petition rested. In Emery v. Whitwell it was held that when the files of the case clearly show that judgment for a definite sum should have been entered, and was intended by the court to be entered, but the entry actually made was defective, it is entirely competent to amend the record to what it should have been, at any time thereafter. Sometimes the propriety of such action exists in cases where the correction may be made upon that which appears in the record itself, and is necessary to make it consistent and harmonious, one part with another. In other cases it is necessary in the interests of justice to act upon matters not appearing from the record; for example, things resting in the recollection of the judge, or evidence adduced aliunde. In the former case notice to the parties is not necessary. No new thing is brought upon the record. The court, for the clearer and more accurate expression of its final action, molds into form that which is fairly and reasonably deducible from the whole record, taken together. There is nothing to litigate. No right is substantially affected. Freem. Judgm. § 72a; 1 Black, Judgm. § 164; Emery v. Whitwell, ubi supra; Matheson's Adm'r v. Grant, 2 How. 263. In the latter case the question of the necessity of notice may depend upon the source from which the evidence comes upon which the action is to be taken. If it is the recollection of the court, it is doubtful whether notice is required, for the reason that it is not open to contest. At all events, it would seem, upon the authorities, that corrections of the record made by the court upon its own recollection would not be collaterally assailable, though made without notice. If the action is based upon other evidence, it would

seem to be settled by a preponderance of authority that notice is required, and that the proceeding for correction would be void without it. Water Co. v. Pillsbury, 60 Me. 427; Weed v. Weed, 25 Conn. 337; Cook v. Wood, 24 Ill. 295; Hill v. Hoover, 5 Wis. 386; Berthold v. Fox, 21 Minn. 51; Poole v. McLeod, 1 Smedes & M. 391; Wallis v. Thomas, 7 Ves. 292. The case of O'Conner v. Mullen, 11 Ill. 57, which is relied on by the defendants, was one which went up on error from the order of the court allowing the amendment. The court held that notice should have been given, even though it had been made upon matter appearing of record, but the case is not an authority upon the question when it arises collaterally. If the power to amend exists by reason of the original jurisdiction in the case, it is difficult to see how there is more than mere error, at all events, in dispensing with notice.

In the present case the correction or amendment, whichever it be called. related to two things. It declared that the defendant came by Edward Hagemann, Jr., an attorney at law of the court, who appeared as attorney in fact, and that the judgment was rendered upon the "notes" filed in the case, instead of the "note" filed, as in the original entry. In the cognovit upon which the judgment rested, it was stated that the "defendant in the above entitled suit, by Edward Hagemann, Jr., his attorney, comes and defends," etc.; and it was signed by Hagemann as "Defendant's Attorney." It was in all respects in the customary form of a pleading filed by an attorney at law. The judgment, as originally entered, recited that the defendant came by Edward Hagemann, his attorney in fact, and filed therein his warrant of attorney and his cognovit, confessing the action of the plaintiff against him. The statute of Illinois forbade the practicing in the courts of the state of any one who was not an attorney at law. Rev. St. Ill. 1891, c. 13, § 1. And the court had judicial knowledge, whether Hagemann was an attorney of the court or not. 1 Whart. Ev. § 324. Now, the cognovit thus recited was the one signed and filed by Hagemann as an attorney at law; there was no other; and that was the basis of the judgment. It was an erroneous recital. but the truth was in the record, and furnished the means of correction. So in regard to the notes. The declaration counted upon all the 12 notes separately, and claimed damages for the nonpayment of each and all; and the notes were filed in court. The cognovit confessed damages for the nonpayment of all, in the sum of $25,000, and did not confess damages for the nonpayment of any one note. The judgment recites that, by the cognovit, it was confessed that the plaintiff had sustained damages to the amount of $25,000. It was manifest that the reference in the judgment to the "note filed in said cause" was a mere clerical misprision. We are far from thinking that the judgment needed any such correction of its recitals to render it effectual, for it was probably a case within the statute of jeofails. Conrad v. Griffey, 11 How. 480; Hall v. Jones, 32 Ill. 38, 43 (in which latter case it was also said that the cognovit releases all clerical errors in entering the judgment, and justifies a disregard of inconsistencies which are set right by an inspection of the whole record). But, if

such correction was required, we are of opinion that it was within the power of the court to make it.

The questions which remain are those which concern the exercise of the power given by the warrant of attorney, and the jurisdiction of the superior court over the defendant, and its power to render the judgment. The principal objection to the validity of the assumption of jurisdiction is based upon the ground that the powers of attorney were several, and only authorized the confession of a several judgment upon each note. Upon the footing of this proposition, it is contended that the confession of one judgment upon all of them was in excess of the power, upon the application of the doctrines of special agency. But, while those doctrines have application until the vesting of the authority of the court over the case and person of the defendant, yet when that is accomplished, and the matter becomes subject to the incidents of judicial action, they apply with more limited force. Judgments by confession, without action, like other judgments, are rarely "void" in the extreme sense of the term. Defects in a confession do not impair the effect of the judgment between the parties, and it cannot, for such reasons, be collaterally attacked, but must be respected until set aside in some appropriate method. For example, the judgment is not void because it is entered before the debt is due, or is for too large a sum. Freem. Judgm. § 557; 1 Black, Judgm. § 67; Patton v. Stewart, 19 Ind. 233. "In contemplation of law, a judgment on a warrant of attorney is as much an act of the court as if it were formally pronounced on nil dicit or a cognovit; and, till it is reversed or set aside, it has all the qualities and effect of a judgment on a verdict." 1 Black, Judgm. § 78. Hence, if the court has acquired jurisdiction, any mere irregularity in the proceedings must be rectified in that case. The judgment is not by reason of such irregularities rendered void. As was declared in Cornett v. Williams, 20 Wall. 226: "The settled rule of law is that, jurisdiction having attached in the original case, everything done within the power of that jurisdiction, when collaterally questioned, is to be held conclusive of the rights of the parties, unless impeached for fraud."

By his warrant of attorney, Reynolds, in express terms authorized any attorney at law as his attorney for him, and in his name, to appear in any court of record in the United States or territories, and to waive service of process. When that was done, the case was before the court. If subsequent irregularities occurred, the authority remained with the court, within reasonable limits as to time and circumstances, to give relief against any injury to the author of the power. Rogers v. Rogers, 1 Paige, 188; Ligon's Adm'rs v. Rogers, 12 Ga. 281; McCormick v. Wheeler, 36 Ill. 114. The courts of law exercise an equitable jurisdiction over judgments rendered by them upon warrants of attorney, which it has been held by the supreme court of Illinois may be exercised at the term of the judgment or subsequently. Lake v. Cook, 15 Ill. 353; Wyman v. Yeomans, 84 Ill. 403; Burwell v. Orr, Id. 465.

It was said by the chief justice in delivering the judgment of the supreme court in Machine Co. v. Radcliffe, 137 U. S. 287, 11 Sup.

Ct. 92 (a case from Maryland, in which the judgment sued on was rendered by a court in Pennsylvania, upon a warrant of attorney given by a citizen of Maryland):

"The subject-matter of the suit against him in Pennsylvania was merely the determination of his personal liability, and it was necessary to the validity of the judgment, at least elsewhere, that it should appear from the record that he had been brought within the jurisdiction of the Pennsylvania court by service of process or his voluntary appearance or that he had in some manner authorized the proceeding. By the bond in question, he authorized 'any attorney of any court of record in the state of New York, or any other state, to confess judgment against him [us] for the said sum, with release of errors,' etc. But the record did not show, nor is it contended, that he was served with process or voluntarily appeared, or that judgment was confessed by an attorney of any court of record in Pennsylvania."

In that case the judgment in Pennsylvania was held void, for the reason that no attorney of any court of record had appeared and confessed judgment for the defendant in that state, which was the only kind of appearance authorized by the warrant; but the judgment had been entered by the clerk of the court upon the production of the bond and warrant of attorney, under a statute which authorized such a proceeding and declared that a judgment so entered should have the same force and effect as if a declaration had been filed, and judgment confessed by an attorney, or judgment obtained in open court and in term time. The decision in that case proceeded upon the ground that jurisdiction had never been acquired by the Pennsylvania court, for the lack of an appearance by or for the defendant in the suit.

The fact that the several causes of action arising upon the notes were joined in one action did not impair the authority of the attorney to appear for the defendant. The notes were all executed at one time. Several were payable to the same person. The causes of action were such as might lawfully be joined in one suit in "any court of record" where suit could be brought. It is the common practice where the same party holds several obligations of the kind against another. All these things the defendant must have contemplated when he gave the power. In many of the states, if several of such suits were brought by a common holder of the notes, they could be consolidated by order of the court, and one judgment rendered for the whole; and such a course has not been supposed to affect any substantial right of the defendant. The joinder of causes of action saves costs, and it is seldom that any inconvenience to the defendant results from such joinder. No provision in the law of Illinois, for instance, has been brought to our attention which gives an advantage to the defendant from separate suits. We are unable, therefore, to see any good reason for believing that the maker of these warrants of attorney intended to restrict them to actions which should be brought severally upon each note, instead of authorizing the common course in that regard of legal proceedings.

We are of opinion that the court below erred in rejecting the transcript of the proceedings in the Illinois court, and the judgment must therefore be reversed, and a new trial awarded.