PULITZER PUBLISHING COMPANY, Respondent,
v. ALLEN, Defendant; WENGLER, Appellant.

St. Louis Court of Appeals, November 18, 1908.

1. **NUNC PRO TUNC ENTRY: Record Evidence.** The court,
by an order *nunc pro tunc*, at a term subsequent to the rendi-
tion of a judgment, may correct the entry of the judgment,
where the original entry does not express the judgment act-
ually rendered, but such an amendment can be made only on
information furnished by the record or files in the case.

2. ———: ———: **Notice.** Such *nunc pro tunc* entry can-
not be made except on notice to the opposite party unless the
error in entering the incomplete judgment, or in entering a
judgment different from the one the court rendered, is appar-
ent from a bare inspection of the record.

3. ———:. ———: ———: **Minute.** Where a judgment was
rendered dismissing a cause which had been appealed from
a judgment of the justice of the peace, the court could not
sustain a motion for *nunc pro tunc* entry showing that it was
the appeal and not the cause which was dismissed, where the
only minutes relating to the matter appeared on the court's
docket as follows: "Dis. by Deft. App'l." and where no notice
was given to the opposite party; such a minute did not clearly
show that the actual judgment of the court was one of dis-
missal of the appeal because the entry is susceptible of other
interpretations.

Appeal from St. Louis City Circuit Court.—*Hon. Matt.
G. Reynolds,* Judge.

REVERSED AND REMANDED.

*Blevins & Jamison* for appellant T. O. Wengler.

*Gardner, Morgan & Wood* for appellee.

(1)   The record may be corrected with respect to
mere matters of form without notice.   17 Ency. Plead.
and Practice, 7; Nave v. Todd, 83 Mo. 601; Dickey v.
Gibson, 113 Cal. 601; Allen v. Bradford, 3 Ala. 281;
Loring v. Groomer, 110 Mo. 632.   (2)   Courts take

judicial cognizance of their records. State v. Jackson, 106 Mo. 174; State v. Ulrich, 110 Mo. 350. Where a motion to correct *nunc pro tunc* goes merely to a failure of the clerk to enter the judgment appearing upon the judge's docket, such failure of the clerk is one of form only. Loring v. Groomer, 110 Mo. 632; Allen v. Bradford, 3 Ala. 281; Dickey v. Gibson, 113 Cal. 601; 17 Ency. Pleading and Practice 7, and cases cited.

GOODE, J.—Respondent brought suit on an account for $282.40 against appellant Allen before a justice of the peace. Allen filed a counterclaim for $312.80. The justice rendered judgment in favor of respondent against Allen in the sum of $282.40 and found the issues for respondent on the counterclaim. Allen took an appeal from the justice's court to the circuit court and executed an appeal bond signed by appellant as surety. The appeal was perfected and the cause continued from time to time until the February term, 1906. A judgment entry appears of record in the circuit court under date of March 12, 1906, at the February term, as follows: "Upon motion of defendant (appellant) by attorney, it is ordered by the court that this cause be, and the same is hereby dismissed at the cost of defendant and T. O. Wengler, as surety on the appeal bond herein, and that execution issue." At a subsequent term, and on May 15, 1907, respondent filed a motion in the circuit court to have the aforesaid entry corrected by an order *nunc pro tunc* so as to show the appeal was dismissed instead of the cause. Allen's attorney Haas and the surety Wengler, who is appellant here, were notified of the application for a *nunc pro tunc* order. Mr. Haas on whom as attorney for Allen, notice of the application for an order *nunc pro tunc* to correct the judgment entry, had been served, testified he represented Allen in the suit, but that his relation terminated with the original entry and he had not since seen Allen or been employed by him. There-

upon respondent's motion for an entry *nunc pro tunc* was overruled, but a motion for rehearing was granted, it seems; for on June 28th, and during the term at which the motion had been overruled, the court entered an order correcting said original entry to read as follows: "On motion of the defendant (appellant) by attorney, it is ordered that this appeal be and the same is hereby dismissed at the cost of the defendant and T. O. Wengler, surety on the appeal bond herein, and that execution issue." Wengler excepted to this action of the court and brought the cause here by appeal. The only evidence on which the court relied in making the *nunc pro tunc order,* was an entry on the judge's docket by the judge who sat when the order of dismissal was given. The form in which the minute appears on the docket is important and will be shown:

*"Pulitzer Publishing Co. vs. S. B. Allen.* 37623
    Appeal J. C.
    "O. C. Phillips, H. Haas, Dis. by deft. App'l."

It is conceded no notice was given to defendant Allen, since the notice to the lawyer who had been his attorney in the cause, was ineffective, it appearing the attorney's employment ceased when judgment was given. [Swift v. Allen, 55 Ill. 303.] As Wengler was held liable as surety on the appeal bond, he would have a right of action over against his principal Allen in case he discharged the liability; hence was interested in the judgment and, as the entry originally read, was released from liability on his bond because the cause of action appeared to be dismissed. As amended, the order of dismissal left the judgment of the justice intact, and probably laid Wengler liable for breach of a stipulation in the appeal bond to diligently prosecute the appeal. As to Allen the amendment entirely changed the judgment of the circuit court in a substantial form, because the amended order of said court

left the judgment of the justice in force; whereas, according to the original entry, the cause of action was dismissed. It follows the amendment cannot be treated as one which merely corrected, in respect of form, the judgment originally entered, even though the error was clerical and not judicial. In this, and perhaps most jurisdictions, a court, by an order *nunc pro tunc*, may correct an entry of judgment at a term subsequent, if by mistake of the clerk, the original entry does not express the judgment actually rendered; but in this State, as in many others, such an amendment can be made only on information furnished by the record or files in the case. In other words, the amendment must be based on matter of record and not on extrinsic evidence. [Hyde v. Curling, 10 Mo. 359, 363; Gibson v. Chouteau's Heirs, 45 Mo. 171; Gamble v. Daugherty, 71 Mo. 599; Railway v. Holschlag, 144 Mo. 253.] Our courts accept as record evidence which will support a *nunc pro tunc* amendment of a judgment entry, a minute written by the judge on his docket. [Evens v. Fisher, 26 Mo. App. 546; Fletcher v. Coombs, 58 Mo. 430; Robertson v. Neal, 60 Mo. 579; Gamble v. Daugherty, 71 Mo. 599; Railway v. Hoschlag, 144 Mo. 253.] We are admonished in well-considered opinions to administer this character of relief with caution, for it affords opportunity to alter judgments previously given, under the guise of correcting clerical misprisions, and these alterations may work hardship. [Odell v. Reynolds, 70 Fed. 656.] It is the general rule they cannot be made except on notice to the opposite party because, with the close of the term (and, it would seem, in a matter like this, with the rendition of judgment) the jurisdiction of the court over the party is at an end. [Mann v. Schroer, 50 Mo. 306; 1 Freeman, Judgments (4 Ed.), sec. 70, p. 96.] The present cause involves an amendment made at a later term without notice to the defendant, who is the party primarily affected by the alteration. Excep-

tions are allowed to the rule requiring notice as a condition on which such an amendment will be valid, and the question is whether the instance under review falls within an exception. The only one respondent argues it could fall within is this: where it is manifest from a bare inspection of the record the clerk entered a judgment other than the one the court rendered, opinions have held an amendment to make the record express the true judgment given by the court, may be ordered without notice. [Emery v. Whitwell, 6 Mich. 474, and cases cited in ninth paragraph of brief for plaintiff in error in said cause; Lewis v. Ross, 37 Maine 230; Cromwell v. Bank, 2 Wall. Jr. 569, 587; Bentley v. Wright, 3 Ala. 281, 37 Am. Dec. 689; 1 Freeman, Judgments (4 Ed.), sec. 73a, p. 102.] But if the propriety of the amendment cannot be thus determined, notice must be given. [1 Freeman, Id. and cases cited in note 3.] The essence of the rule is that notice must be given to the adverse party unless it is obvious he cannot be aggrieved by the proposed amendment. [Emery v. Whitwell, 6 Mich. 491; 1 Freeman, Judgments, sec. 72a.] The reasoning of the Michigan case, which is adopted in the text work just cited, is that notice is not required when, on a proper construction, it is evident the effect of the whole record is the same as the effect of the entry as amended. [Emery v. Whitwell, 6 Mich. pp. 488, 490; 1 Freeman, sec. 72a.] That is to say, if the record itself would give notice to any one who consulted it, of what judgment in truth had been given, and point clearly to an erroneous entry, notice may be dispensed with. The better and most widely accepted doctrine, if not the one universally held, is that notice is a prerequisite to a valid *nunc pro tunc* amendment, unless a clerical error in making an irregular entry, as of a final judgment at a term when only an interlocutory one was allowed by law, or in entering an incomplete judgment, or one different from what the court rendered, is apparent from an inspection of the

record. [Mann v. Schroer, 50 Mo. 306; O'Connor v. Mullen, 11 Ill. 57; Swift v. Allen, 55 Ill. 303.] This doctrine is according to the fundamental and constitutional requirement of notice to a party, affording him an opportunity to be heard before judgment goes against him. To weigh the authorities touching the question, it is essential to discriminate between those decisions in which the validity of the amendment was attacked in a collateral proceeding, from those in which it was directly attacked. [Mann v. Schroer, 50 Mo. 306; Maguire v. Maguire, 3 Mo. App. 458; Odell v. Reynolds, 70 Fed. 656.] In a collateral proceeding, unless the court called on to pass on the validity of the amendment, can say it is void for want of power in the court that ordered it to make the order, it must be sustained; whereas in a direct attack, the question may go either to the competency or the sufficiency of the evidence adduced to show the original entry was erroneous. This is a direct attack by appeal from the order for a *nunc pro tunc* entry, and we have to determine whether or not the data before the lower court authorized its action. One text-writer argues, or rather suggests, against the requirement of notice, when the amendment must be based on data furnished by the record, on the ground that the opposite party can in no event be damaged by the alteration. [1 Black, Judgments (2 Ed.), sec. 164.] No authorities are cited to show this argument has been treated as sound in judicial decisions; and certainly it cannot be applied in our jurisdiction; because here a *nunc pro tunc* amendment of a judgment entry never is allowed on any but record evidence, or a memorandum filed in the cause. Hence if we should say notice is not required when such evidence is the basis for the amendment, this would be the same as to say notice is not required at all. But our decisions hold notice must be given. [Mann v. Schroer, Maguire v. Maguire, supra.] Two Missouri cases supposed to dispense with the necessity of notice when an

amendment is to be ordered on record evidence, have been cited by respondent's attorney, and also some cases from other States. [Nave v. Todd, 83 Mo. 601; Loring v. Groome, 110 Mo. 632; Dickey v. Gibson, 113 Cal. 601.] Those Missouri cases involved collateral attacks on the amendment and the decision of one is put expressly on that ground. The other decision was, of course, only authority for the proposition that in a collateral attack the amendment will not be held invalid for lack of notice, because the lack goes to the propriety of the amendment and not to the jurisdiction or power of the court to order it. Moreover, in said cause the amendment corrected a misprision apparent on an inspection of the files and record. In other cases dealing with the question of notice, the attack was collateral, or else it was obvious no prejudice could result from the amendment. [Balch v. Show, 7 Cush. 282; McClellan v. Bradley, 7 Ind. 503, and Cromwell v. Bank, Emery v. Whitwell and Odell v. Reynolds, supra.]

The final point is this: looking at the record, including the minute entered by the previous judge, on which the court below ordered the controverted amendment, is it apparent, within the meaning of the authorities and in the degree of certainty they require, that the appeal from the justice's judgment was dismissed, instead of the cause being dismissed? Does this result as a necessary conclusion from the entire record? We must give a negative answer to these questions. The instances wherein *ex parte* amendments have been supported, presented records far more clearly indicative of clerical error than does this record. The only words relating to what the court did are these abbreviations: "Dis. by deft. App'l." The words and figures, "37623, Appeal J. C." which stand above said abbreviations, plainly were not a minute made by the judge, but simply a description of the cause, put down by the person who prepared the judge's docket, to signify the case had been appealed from a justice's court. The minute

shows a dismissal by the defendant, but does not obviously signify whether the cause or the appeal was dismissed; for the abbreviation "App'l" may mean either Appellant or Appeal. It is argued the defendant (Allen) who was the appellant from the justice's decision, could dismiss nothing but the appeal. This does not follow necessarily; for there might have been some settlement pursuant to which the defendant, or his attorney, was authorized to go into court and have the cause dismissed. The record, including said memorandum, would warrant the finding that the appeal had been dismissed instead of the cause, but did not compel it. One consulting the entire record and looking at the original entry of judgment and then at the minute on the judge's docket, would not necessarily be apprised the entry was erroneous, but might interpret the minute to signify the cause had been dismissed; which would be consistent with the entry of record made by the clerk. An authority which has influenced us strongly, is Mann v. Schroer, supra, wherein our Supreme Court held a *nunc pro tunc* entry to make a judgment in a mechanic's lien case, special, as the law authorized, instead of general as the clerk wrote it, was improperly ordered without notice, because the defendant might have been able to show cause against the amendment. After much thought over the point and search among the books, our opinion is that the minute and the record did not obviously indicate a judgment different from the one the court gave, had been recorded. This being true, the *nunc pro tunc* entry without notice to Allen, the defendant in the cause, must be treated as a nullity on direct attack.

The judgment is reversed and the cause remanded without prejudice to the right of respondent to proceed for an amendment on due notice. All concur.