ELISABETH H. LUEDDE, RESPONDENT, v. HENRY W. LUEDDE, APPELLANT.
—211 S. W. (2) 513.

St. Louis Court of Appeals. Opinion filed May 18, 1948.

*Calhoun & Boisseau* for appellant.

72

*Rene J. Lusser* and *Carnot Hodges* for respondent.

McCULLEN, P. J.—This appeal arises out of a suit for divorce brought by Elisabeth H. Luedde, hereinafter referred to as plaintiff, against her husband, Henry W. Luedde, referred to as defendant. The original divorce suit was instituted on February 21, 1944. The cause was tried and judgment rendered in favor of plaintiff on March 3, 1944. At the time of the trial the parties entered into a stipulation as follows:

"Come now Elisabeth H. Luedde, the plaintiff herein, and Henry W. Luedde, the defendant herein, and hereby stipulate and agree that in the event the Court shall find from the evidence to be adduced in this cause that plaintiff is entitled to a decree of divorce from the defendant, that said decree shall provide that:

"(1) Plaintiff shall have the absolute and exclusive custody, care and control of their minor child, Robert Howell Luedde, and of such child or children referred to in the petition as may subsequent hereto be born to said plaintiff of said marriage and waives all objection to the removal of said children from the State of Missouri should the plaintiff in the future desire the same.

"(2) That defendant shall pay to plaintiff the sum of One Hundred Seventy-Five Dollars ($175.00) per month as alimony and support money for herself and the sum of One Hundred Dollars ($100.00) per month for the support and maintenance of said minor child, Robert Howell Luedde. Said sums shall be paid upon the granting of said decree or upon the first day of March, 1944, whichever date shall occur later, and monthly thereafter on the first day of each calendar month until the first day of the calendar month following the birth of said child or children yet to be born; that after the birth of said child or children said defendant shall thereafter continue to pay alimony and support to plaintiff in the sum of One Hundred Dollars ($100.00) per month, and Fifty Dollars ($50.00) per month for the support and maintenance of each child of said marriage above mentioned so long as said defendant is a member of the United States Army with the rank of Major or above and thereafter the plaintiff and defendant shall agree on a sum or amount for such purposes or in event of their failure to agree thereon such sum or amount shall be fixed by order of this Court.

"(3) That satisfactory disposition of all other property rights of the parties hereto has been made by the parties hereto.

"(4) That defendant shall pay all costs herein, including a fee of Two Hundred Fifty Dollars ($250.00) to plaintiff's counsel, the same to be taxed as costs and paid by the defendant."

Said stipulation was signed personally by both of the parties and filed in court at the time of the trial.

The judgment entered by the Clerk on March 3, 1944, after reciting the divorce granted to plaintiff, proceeded as follows:

"that said plaintiff have the care, custody and control of their minor child, Robert Howell Luedde or of child or children as may subsequently hereto be born of said marriage; that defendant pay to plaintiff the sum of $175.00 per month alimony and $100.00 per month for the support and maintenance of said child Robert Howell Luedde, said sum to commence forthwith and to be paid on the first day of each month hereafter until the first day of the calendar month following the birth of said child or children yet to be born; that after the birth of child or children yet to be born, defendant shall pay to plaintiff an additional sum of $50.00 per month for the support and maintenance of each child or children; that defendant pay to plaintiff the further sum of $250.00 for attorney's fees same to be taxed as costs, and that said defendant pay the costs herein incurred, all in accordance with stipulation. Stipulation filed."

On January 15, 1946, plaintiff filed a motion for the correction nunc pro tunc of said judgment of March 3, 1944. The Court, on the same day, January 15, 1946, sustained plaintiff's motion and

amended said judgment *nunc pro tunc* as of March 3, 1944, by making changes in the original judgment. Said amended judgment was, after reciting the granting of the divorce, etc., as follows:

"that said plaintiff have the absolute and exclusive custody, care and control of their minor child, Robert Howell Luedde, and of such child or children as may subsequently hereto be born to plaintiff of said marriage; that defendant pay to plaintiff the sum of ONE HUNDRED SEVENTY - FIVE DOLLARS ($175.00) per month alimony and support money for herself and the sum of ONE HUNDRED DOLLARS ($100.00) per month for the support and maintenance of said minor child, Robert Howell Luedde, payment of said sum to commence forthwith and be paid on the first day of each calendar month hereafter until the first day of the calendar month following the birth of any child or children yet to be born; that on and after the birth of any child or children of plaintiff and defendant yet to be born said defendant shall thereafter pay to plaintiff as alimony the sum of ONE HUNDRED DOLLARS ($100.00) per month, and for the support and maintenance of said minor child, Robert Howell Luedde, and each and every other child born of the marriage of plaintiff and defendant the sum of FIFTY DOLLARS ($50.00) per month each so long as defendant is a member of the United States Army with the rank of Major or above and thereafter until modified by stipulation executed by plaintiff and defendant and filed herein or by further order of this court.

"It is further ordered by the Court that defendant pay to plaintiff the further sum of $250.00 for Attorney's fees, same to be taxed as costs, that said defendant pay the costs herein incurred, all in accordance with stipulation. Stipulation filed."

Thereafter, on July 30, 1946, defendant filed a motion for correction nunc pro tunc of the judgment requesting the court to amend all records of the court recording the degree and judgment made either at the trial of the cause on March 3, 1944, or made by the nunc pro tunc proceeding had on January 15, 1946, and that the same be amended nunc pro tunc as of March 3, 1944, so that said decree and judgment should read in accordance with a suggested decree and judgment set forth in defendant's said motion, which, after reciting the granting of the divorce, etc., was as follows:

"that said plaintiff has the absolute and exclusive custody, care and control of their minor child, ROBERT HOWELL LUEDDE and of such child or children as may subsequently hereto be born to the plaintiff of said marriage; that defendant pay to the plaintiff the sum of $175.00 per month as alimony and support money for herself and the sum of $100.00 per month for the maintenance of said minor child, ROBERT HOWELL LUEDDE, payment of said sums to commence forthwith and be paid on the first day

of each calendar month hereafter until the first day of the calen- dar month following the birth of any child or children yet to be born; that on and after the birth of any child or children of plaintiff and defendant yet to be born said defendant shall thereafter pay to the plaintiff as alimony and support the sum of $100.00 per month and the sum of $50.00 per month for the support and maintenance of each minor child born of the marriage of plaintiff and defendant so long as said defendant is a member of the United States Army with the rank of Major or above and thereafter the plaintiff and defendant shall agree on a different sum or amount for such purposes or in the event of their failure to agree thereon such a sum or amount shall be fixed by order of this court. That defendant pay to plaintiff the further sum of $250.00 for attorneys' fees same to be taxed as cost, and that said defendant pay the costs herein incurred, all in accordance with stipulation. Stipulation filed.''

Notice of the filing of defendant's said motion for correction nunc pro tunc of the judgment was served on the attorneys for plaintiff on August 2, 1946.

On September 30, 1946, the court took up and heard defendant's motion for correction of the judgment nunc pro tunc and overruled it. Thereafter, on October 7, 1946, defendant filed a motion for rehearing on his said motion, setting forth six separate grounds therefor.

On October 8, 1946, defendant's said motion for rehearing was taken up and heard by the court and overruled. On the same day, namely, October 8, 1946, defendant filed notice of appeal and, thereafter, took the necessary steps to transfer the cause to this court for review.

Defendant contends that the original judgment entered by the Clerk on March 3, 1944, was not in accordance with the judgment rendered by the Court incorporating the stipulation of the parties, and that the Court erred in overruling his motion to correct the judgment nunc pro tunc. Plaintiff argues that defendant's contention that the stipulation filed by the parties must, in all of its phases, be incorporated in the decree and judgment, is error. A comparison of the stipulation with the original judgment entered by the Clerk shows plainly that the judgment so entered did not follow the stipulation.

An important part of the stipulation providing for the period during which defendant should make payments of alimony to plaintiff, and payments for the support of the minor child and prospective child or children, was not included in said judgment entered by the Clerk. We shall later refer specifically to this omission. Furthermore, the judgment entered by the Clerk allowed more for said purposes than the stipulation called for. However, plaintiff, in her motion of January 15, 1946, for correction of the judgment, stated

the amounts for such purposes correctly, as provided for in the stipulation. Hence we need not discuss said amounts.

Neither defendant nor plaintiff had any knowledge of the· differences between the stipulation agreed to by the parties and the judgment actually entered by the Clerk. Defendant was not present at the trial and was not represented by counsel and, of course, had no knowledge or information of said errors of the Clerk. Plaintiff did not learn of said differences until some months after the judgment had been entered by the Clerk.

After plaintiff received a copy of said judgment of March 3, 1944, and discovered that it did not follow the stipulation of the parties, she filed her motion of January 15, 1946, for correction nunc pro tunc of said judgment, which the Court, on said same date, January 15, 1946, took up, heard and sustained, entering judgment nunc pro tunc as of March 3, 1944, as requested in plaintiff's said motion and which we have heretofore set forth herein.

The purported judgment nunc pro tunc of January 15, 1946, changing the original judgment, was entered without giving defendant any notice of plaintiff's motion or of the hearing thereon. Furthermore, it was entered after a lapse of a year and nine months following the original judgment, and at a term of the Circuit Court long subsequent to that at which the original judgment was entered.

In Pulitzer Publishing Co. v. Allen, 134 Mo. App. 229, 113 S. W. 1159, this court, in dealing with the question of correction of judgments by nunc pro tunc entries, said:

"We are admonished in well-considered opinions to administer this character of relief with caution, for it affords opportunity to alter judgments previously given, under the guise of correcting clerical misprisions, and those alterations may work hardship. * * * *It is the general rule they cannot be made except on notice to the opposite party* because, with the close of the term (and, it would seem, in a matter like this, with the rendition of judgment) the jurisdiction of the court over the party is at an end." Pulitzer Pub. Co. v. Allen, 134 Mo. App. 229, 232, 113 S. W. 1159. (Emphasis ours.)

In Clancy v. Herman C. C. Luyties Realty Co., 321 Mo. ·282, 10 S. W. 2d 914, our Supreme Court held that the action of the trial court in making an order nunc pro tunc at a subsequent term of court, correcting a judgment for plaintiff entered in a former term, without notice to the plaintiff or his counsel, and in their absence, was error. See also, Mann v. Schroer, 50 Mo. 306. Under the above authorities, we must and do hold that the judgment, nunc pro tunc, entered by the court on January 15, 1946, on plaintiff's motion, without notice to defendant and no opportunity for defendant to be heard thereon, is void and of no effect.

We come now to the question of whether or not the Court erred in overruling defendant's motion for correction of the judgment nunc pro tunc.

It is well settled law in this state that a husband and wife may, in contemplation of a separation by divorce, settle and adjust by agreement between themselves their property rights growing out of the marital relationship, including the wife's claim for alimony. North v. North, 339 Mo. 1226, 100 S. W. 2d 582; Dorsett v. Dorsett, 232 Mo. App. 126, 90 S. W. 2d 188; Young v. Thompson, 220 Mo. App. 1266, 290 S. W. 85; Crenshaw v. Crenshaw, 276 Mo. 471, 208 S. W. 249.

Plaintiff cites a number of cases to support her contention that stipulations between parties to a divorce suit wherein payments are provided for certain sums of money by the husband for the support and maintenance of a wife and children are merely advisory to the Court. The cases cited by plaintiff do so hold, and there are many other cases so holding. However, said holdings merely mean that a court is not *compelled* to adopt a stipulation of the parties but may treat it as advisory. There is nothing in any of said cases to prevent a court from adopting as its own the provisions of a proper stipulation made by the parties, and when a court does adopt such a stipulation and embodies it in the judgment entered by the court, or under the court's direction, the stipulation then becomes merged in the court's judgment and the judgment is then a judgment by consent, and is as valid and binding on the parties as though it were made by the court without any stipulation by the parties, provided such judgment, so entered, is one that is not beyond the power and authority of the court to render under the law. In other words, a mutual agreement as to a settlement of rights of the parties, when approved by the court and embodied in the decree of divorce rendered by the court, is viewed as having been found by the court as a fair settlement and is binding on the parties. North v. North, 339 Mo. 1226, 100 S. W. 2d 582; Poor v. Poor, 237 Mo. App. 744, 167 S. W. 2d 471. There can be no doubt as to the Court's power and authority to enter such a judgment as the stipulation of the parties herein called for. The statute, Section 1519, R. S. Mo. 1939, Mo. R. S. A., Section 1519, provides that:

"When a divorce shall be adjudged, the court shall make such order touching the alimony and maintenance of the wife, and the care, custody and maintenance of the children, or any of them, as, from the circumstances of the parties and the nature of the case, shall be reasonable."

If the Clerk had followed the stipulation in entering the judgment rendered by the Court all these nunc pro tunc proceedings would have been avoided.

Plaintiff contends that a nunc pro tunc order cannot be used to compel the court to enter a judgment contrary to the judgment it in-

tended to enter and actually did enter, even though such judgment is at variance with the stipulation of the parties.

Whatever may be said of the above contention as an abstract proposition of law, it has no application to this case because the court did not intend to render the judgment that was erroneously entered by the Clerk. On the contrary, it conclusively appears that the Court intended to and did approve and adopt the stipulation of the parties as and for its judgment. This is shown by the Court's approval and adoption of the language: "all in accordance with stipulation." Hence, while there is ample basis in the record to support a proper nunc pro tunc order, there is nothing to prevent the Court from making an order nunc pro tunc to correct the erroneous record made by the Clerk so as to have the judgment correctly state the intention of the Court, based upon the stipulation, thus merging the stipulation into the judgment of the Court.

It is well settled that the power to correct judgments nunc pro tunc is inherent in every court of record where, as in the case at bar, there is of record something (in this case, the stipulation) which affords a basis to make corrections nunc pro tunc (now for then) in order to make the record conform to what was actually done. Loring v. Groomer, 110 Mo. 632, 19 S. W. 960; In re Tompkins' Estate, Mo. App. 50 S. W. 2d 659.

Neither the judgment erroneously entered by the Clerk on March 3, 1944, nor the one entered on January 15, 1946, on plaintiff's motion, was in accordance with the stipulation agreed to by the parties and adopted by the Court. The stipulation provided that the sums to be paid by defendant should be paid only *"so long as defendant is a member of the United States Army with the rank of Major or above and thereafter plaintiff and defendant shall agree* on a sum or amount for such purpose *or in event of their failure to agree* thereon such sum or amount shall be fixed by this court." (Emphasis ours.) The above quoted language was entirely left out of the judgment entered by the Clerk on March 3, 1944, thus making defendant's obligation to pay the sums mentioned a continuing one, regardless of whether he was in the Army and regardless of his rank therein.

As to the judgment entered on January 15, 1946, on plaintiff's motion, we have already held it to be void and of no effect, but it will not be amiss to point out that it too did not follow the stipulation of the parties. Said judgment of January 15, 1946, provided that the sums mentioned should be paid so long as defendant was a member of the United States Army with the rank of Major or above, "and thereafter until modified by stipulation executed by plaintiff and defendant and filed herein."

Under the last mentioned judgment the payments to be made by defendant would continue "until modified by stipulation executed by the plaintiff and defendant and filed herein," whereas under the

stipulation such payments would continue only so long as defendant held the rank of Major or above in the Army, after which the parties were required to agree as to such sums, or, on their failure to agree, such sums were to be fixed by the Court.

It would serve no purpose to labor further the points of difference between said two judgments on the one hand and the stipulation on the other. A mere comparison shows the glaring differences between them.

Plaintiff contends that the Court's action was correct because, as she argues, it thus avoided entering in its judgment any portions of the stipulation of the parties which would have rendered such judgment indefinite, uncertain, conditional, and, therefore, void. We are unable to agree with plaintiff's contention.

There is nothing indefinite or uncertain, or conditional, about the stipulation which the parties agreed to and filed at the trial. It provided for definite events, and definitely ascertainable periods of time, as well as a definite method for determining defendant's obligation to pay the sums mentioned. It even provided that if the parties could not agree as to the amounts to be paid after defendant ceased to hold the rank of Major or above, the court should fix such sums. Hence, no contingency was left unprovided for in the stipulation in relation to the support and maintenance of the wife and of the minor child or prospective child or children of the parties.

The order and judgment of the trial court entered on September 30, 1946, overruling defendant's said motion for correction nunc pro tunc, is reversed, and the cause is remanded with directions to the trial court—to set aside its order of January 15, 1946, sustaining plaintiff's motion for correction nunc pro tunc; to sustain defendant's motion of July 3, 1946; and to amend nunc pro tunc the judgment of March 3, 1944, as of said date, as prayed in defendant's said motion.

*Anderson* and *Hughes, JJ.,* concur.