SPERLING et al., Respondents, v. STUBBLEFIELD, Appellant.

St. Louis Court of Appeals, March 15, 1904.

1. **EXECUTION SALES: Purchaser With Notice.** One who purchased, at an execution sale, chattels which were in the possession of the execution defendant at the time of the seizure, under a lease from the owner with an option to buy, was not an innocent purchaser where he had notice before he bought; who the real owner was.

2. **JURISDICTION: Construction of Statutes.** Where terms of a circuit court were held at two places in the county, at one of which they were abolished by an act of the legislature providing that all causes pending there should be transferred to the circuit court at the other place, that being the county seat, a case at that time pending in the court of appeals, on appeal from a judgment rendered at the place where the terms were abolished, was within the provision of the act and the court at the county seat had jurisdiction.

3. **JUDGMENT: Nunc Pro Tunc Entry: Evidence.** A nunc pro tunc entry of judgment can not be made on oral testimony, but only on minutes or other written data appearing on the judge's or clerk's docket, the court records, or files and papers in the cause.

4. ——: ——: ——. Where there was a verdict, a motion in arrest stating that the "defendant comes and moves the court to arrest the judgment herein, etc.," and an order overruling the motion, they were sufficient evidence to support a finding that a judgment had been rendered, and authorized a nunc pro tunc entry.

Appeal from Stoddard Circuit Court.—*Hon. F. R. Dearing*, Judge.

AFFIRMED.                ·

*Marsh Arnold* and *Ralph Wammack* for appellant.

Every fact necessary to confer jurisdiction on a court must affirmatively appear in its proceedings.

Vickery v. Railroad, 93 Mo. App. 1. The showing made by plaintiffs did not entitle them to the *nunc pro tunc* entry of judgment. There is absolutely no evidence in this record showing that John G. Wear, the trial judge, ever rendered any judgment upon the verdict of the jury, and the finding of Judge Dearing that such judgment was in fact pending must rest upon presumption alone. If no judgment was rendered at the term, it can not be rendered *nunc pro tunc* simply for the reason that it ought to have been rendered at the term. Bohm Bros. & Co. v. Stivers, 75 Mo. App. 291. It is the settled law of this State that entries *nunc pro tunc* can only be made upon evidence furnished by the papers and files in the cause or something of record, or in the minute book or judge's docket. Young v. Young, 165 Mo. 630.

*J. W. Limbaugh* for respondents.

GOODE, J.—Action for damages for conversion of personal property. The case originated in Scott county and was sent on a change of venue to the circuit court of Stoddard county sitting at Dexter. In 1895 an act of the legislature was passed providing that two terms each year of the Stoddard circuit court should be held at Dexter and two terms at Bloomfield, the county seat. At the trial of this cause in the Dexter court, June 10, 1898, plaintiff obtained a verdict and defendant at once appealed. That appeal was dismissed February 27, 1900, because the record did not show a judgment had been rendered in the cause. An act of the legislature was passed and approved April 13, 1899, the effect of which was to abolish the terms of the court at Dexter and to leave only two terms of the Stoddard circuit court a year, namely, those held at Bloomfield. The act went into effect August 20, 1899, and hence was in force when the first appeal in the pres-

ent case was dismissed by this court. After that dismissal, to-wit, March 8, 1901, the plaintiffs filed a motion in the circuit court of Stoddard county at Bloomfield, for an entry of judgment *nunc pro tunc.* That motion was taken up at the March term, 1903, and sustained; whereupon the defendant again appealed.

A review of the exceptions taken at the trial of the cause on its merits is claimed by the defendant, and though it is doubtful if the record warrants such a review, we have attended to the point made for a reversal on the merits, viz.: that the evidence was insufficient to support the verdict. Our opinion is against that position. The action was instituted by the plaintiffs Sperling and Schultz to recover the value of a mill which was levied on and sold as the personal property of August Uhde, under a judgment against Uhde obtained by H. W. Beers and others, before a justice of the peace. At the execution sale the defendant Stubblefield purchased the property but was notified by Sperling prior to the sale, that it belonged to him (Sperling) and Shultz. The facts are that in 1896 those parties had entered into a contract with Uhde by which the mill was leased to him for eighteen months for a certain rental, with the privilege of purchasing during the term for $800. Uhde did not purchase the mill, but after operating it a short time surrendered it to Sperling and Schultz, although he retained the custody of it as their agent. It is on the last fact that the defendant's counsel found a contention that the evidence did not justify the verdict. The argument is that there was no such visible change of ownership as would notify strangers and prevent a purchaser at the execution sale from being deceived into buying the property as Uhde's, the execution defendant. This argument is meritless in view of the fact, confessed by Stubblefield, that Sperling notified him whose property the mill was before he bought it.

The instrument under which possession was originally turned over by the plaintiffs to Uhde was plainly a lease with an option to buy, and not a contract for a conditional sale of the mill. We make this statement because defendant asked our opinion as to the nature of said instrument; but as he was not an innocent purchaser without notice, the result would be the same in the other contingency.

It is argued that the circuit court of Stoddard county at Bloomfield obtained no jurisdiction of the cause for the reason that it was not pending in the Dexter circuit court when the act of 1899 took effect. That act provided that all causes pending in the circuit court at Dexter when it took effect, should be transferred to the circuit court at Bloomfield and be triable there. The position of the defendant's counsel is that when the act took effect the cause was pending in this court, as the dismissal of the appeal took place February 27, 1900, and the act became operative August 20, 1899. The plain purpose of the legislature was to confer on the Stoddard county circuit court sitting at Bloomfield, jurisdiction of all causes which the circuit court of that county, sitting both at Dexter and Bloomfield, had theretofore enjoyed. This cause was pending in Stoddard county when the act of 1899 became a law in such sense that the circuit court at Bloomfield acquired jurisdiction of it. There never was but one circuit court in Stoddard county, although for a while after 1895 it sat in two localities. Kinser v. Railroad, 69 Mo. App. 346. When the appeal was dismissed, the circuit court of Stoddard county had jurisdiction, and, as that court met at only one place, it had power to proceed further with the cause there. The interpretation of the law contended for by the defendant would put this action outside the jurisdiction of any court.

The serious contention on the present appeal is, that the entry of judgment by the circuit court on

March 23, 1903, as and for June 10, 1898, was unwarranted by the proof introduced in support of the motion for the entry. The evidence on the motion consisted of the original petition, answer, replication, the record entries showing the impanelling of the jury, the trial, and the verdict for plaintiffs, the motion for new trial, the overruling of said motion, the motion in arrest of judgment and the overruling of that motion. Besides, there was some oral testimony which need not be recited. The defendant requested a declaration in the nature of a demurrer, that the plaintiffs, on the evidence, were not entitled to a *nunc pro tunc* judgment. The court refused that declaration of law, found a judgment had been actually rendered on the verdict of June 10, 1898, on the same day, but had not been entered of record; found, further, that the plaintiffs were entitled to have said judgment entered of record and ordered and adjudged that judgment be entered as of June 10, 1898, in favor of the plaintiffs for the sum of $432, to bear interest at the rate of six per cent annually after that date.

It should be borne in mind that the motion of the plaintiffs for judgment on the verdict, was not to have a judgment rendered by the Stoddard county circuit court which had never been rendered before; but was to have a judgment that had in fact been rendered June 10, 1898, but never recorded, entered of record as of that date. In other words, the motion was for a *nunc pro tunc* record entry in the strict sense of the words. The law in this State is that such an entry can not be made on oral testimony, but only on minutes, memoranda, or other written data appearing on the judge's or clerk's docket, the court records, or the files and papers in the cause. Priest Admr. v. McMaster Admx., 52 Mo. 60; Gamble v. Daugherty, 71 Mo. 599; Hansbrough v. Fudge, 80 Mo. 307; Atkinson v. Railroad, 81 Mo. 50; Ross v. Railroad, 141 Mo. 390; Blize v. Castlio, 8

Mo. App. 290. The precise question is whether the documentary evidence introduced on the motion was sufficient to justify the court in ordering an entry *nunc pro tunc* of the judgment. That is to say, was there some documentary evidence from which the learned circuit judge might fairly infer that judgment had been previously rendered in the cause? If there was competent evidence from which to draw the inference, the finding of the circuit court is conclusive. Chapman v. Railroad, 146 Mo. 481. There was such evidence. The motion in arrest filed June 10, 1898, among other things, contains the following: "Comes now the defendant and moves the court to arrest the judgment herein for the reason: 1st. Upon the record said judgment is erroneous," etc. That recital of an existing judgment, with its verdict, well supported the finding that a judgment had been rendered; and as said motion was one of the papers in the cause, and the verdict part of the record, they were competent evidence to base a finding on. It is common practice in the circuit courts to order judgment on a verdict as soon as it is received, instead of waiting four days for motions for new trial and in arrest.

Precedents are not lacking in which *nunc pro tunc* judgments were upheld on less palpable and convincing documentary proof. Witten v. Robinson, 31 Mo. App. 525; Dawson v. Waldheim, 89 Mo. App. 545; Baldwin v. Lamar, Fed. Cases 800.

The case of Burnside v. Wand, 170 Mo. 531, is irrelevant, as that adjudication related to the rendition of a judgment in a cause at a term subsequent to the trial, entirely different from the judgment that actually had been rendered when the case was tried.

The judgment is affirmed. *Bland, P. J.*, and *Reyburn, J.*, concur.