## C. G. SHEPARD, Respondent, v. BEN TINSLEY et al., Appellants.

### Springfield Court of Appeals, July 7, 1910.

1. **RECORDS: Nunc Pro Tunc Entries.** The circuit court in furtherance of justice may make *nunc pro tunc* entries, correcting or supplying the records of the action of the court at the former term. This power, however, should be exercised with great care, and whenever it becomes necessary to make such an entry, the record itself should show the facts upon which such power is exercised.

2. ———: ———: **Evidence Upon Which Entry Can be Made.** The power possessed by courts to make *nunc pro tunc* entries in a cause, after the end of a term does not authorize the entry of an order which ought to have been made, but only those which were actually made, the evidence of which is preserved by some minute made in the proper record at the time. Evidence *aliunde*, such as the testimony of witnesses as to what they remember as having occurred, cannot be resorted to for such purpose.

3. ———: ———: ———. An appellant from a judgment of a justice of the peace filed a motion in the circuit court for a *nunc pro tunc* entry, showing that the appellee had entered his appearance in said cause at the previous term of the circuit court. There was no memorandum or minute of the clerk or judge made at the previous term, showing that appellee had entered his appearance, but the evidence was all *aliunde*. *Held*, that the motion was properly denied.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*W. W. Corbett* for appellant.

*C. G. Shepard, per se,* and *A. L. Oliver* for respondent.

NIXON, P. J.—This case grew out of one of more importance involving the settlement of the affairs of a defunct partnership. This suit was begun by C. G. Shepard filing an action in replevin in a justice's court to obtain possession of certain of the partnership books. On October 24, 1905, the justice awarded possession of the books to plaintiff and defendants appealed to the circuit court of Pemiscot county. On October 28, 1905, the justice filed his transcript together with the original papers in the case with the circuit clerk and the case was set for trial at the November term, 1905, of said circuit court. However, the case was continued by the court until the February term, 1906, at which time, the plaintiff, C. G. Shepard, filed a motion to affirm the judgment of the justice for the reason that no notice of appeal as required by the statute was given him by defendants and stating that plaintiff had not entered his appearance in the circuit court.

Defendants thereupon filed a motion reciting that on the first day of the November term, 1905, the plaintiff in person made application to the circuit court to allow him to enter his appearance and that said application was granted, but that by inadvertence the said order was not placed on the record, "and the defendants now move that the said order be made matter of record, and that the cause proceed to trial." The court proceeded to hear testimony in support of this motion.

C. G. Shepard, being asked by the court whether he had entered his appearance as charged by defendants, answered: "If I did, I don't remember it; I don't recollect now if I did." A. L. Oliver, an attorney representing the plaintiff, was sworn and he stated that he did not enter plaintiff's appearance.

Defendants' attorney, W. W. Corbett, being sworn, stated that Shepard did call up the case and enter his appearance and that the court directed the clerk to enter the plaintiff's appearance. Sam. J. Corbett, another at-

torney, gave substantially the same evidence. Harrison P. Grier, one of the defendants, stated that plaintiff called up the case and said something about entering his appearance and that the judge then turned and spoke to the clerk. The clerk was not sworn. This was all the evidence introduced.

The court overruled defendants' motion and sustained plaintiff's motion to affirm the judgment of the justice. The defendants have appealed.

The purpose of defendants' motion in the circuit court was to secure an entry of record of an appearance made at a previous term of said court. In the case of Hyde v. Curling, 10 Mo. 363, this language is used: "No question can exist of the power of the court to make *nunc pro tunc* entries, for the furtherance of justice, and thus to place on the records the action of the court, had on a former day of the term, or at a previous term, and which the clerk had omitted to enter at the time. This power should, however, be exercised with great caution and circumspection, otherwise it may become the means of great wrong and oppression. But where the court omit to do that which, by the rules of law and the practice of the court, it may legally do, it cannot supply such omission at a subsequent term, by making an entry *nunc pro tunc*. And whenever it becomes necessary to make such an entry, the record should show the facts upon which the power is exercised." See also Turner v. Christy, 50 Mo. l. c. 147; Hansbrough v. Fudge, 80 Mo. 307; Evans v. Fisher, 26 Mo. App. l. c. 546; Priest v. McMaster, 52 Mo. l. c. 62; Pulitzer Pub. Co. v. Allen, 134 Mo. App. l. c. 232, 113 S. W. 1159; St. Francis Mill Co. v. Sugg, 142 Mo. l. c. 363, 44 S. W. 247.

In the case of State v. Jeffers, 64 Mo. l. c. 378, the court said: "When a clerk omits to make an entry which was ordered to be made, or makes a different entry from that which was ordered, the court may, at a subsequent term, amend the record so as to make it con-

form to the truth, provided some entry either in the minutes kept by the judge or clerk, or some paper filed in the cause and sustaining them, show the facts from which the amendment can be made. [Dunn v. Raley, 58 Mo. 134.] The power possessed by courts to make *nunc pro tunc* entries in a cause, after the end of a term, does not authorize the entry of an order which ought to have been made, but only those which were actually made, the evidence of which is preserved by some minute made at the time. Evidence *aliunde* cannot be resorted to for such purpose. To allow such entries to be made on facts resting in the mere memory of witnesses, and their statements as to what occurred, would be to establish a rule which would breed the utmost confusion and uncertainty, and make courts of record everything except what the law intends them to be."

Again, in the case of Dawson v. Waldheim, 89 Mo. App. l. c. 249: "To authorize a court to enter a strictly *nunc pro tunc* judgment, there must be some record on the minutes kept by the court or the clerk, showing that the judgment applied for was actually rendered by the court, and in this as in many other of the states, oral evidence cannot be heard to establish any of the facts necessary to warrant a court to enter a *nunc pro tunc* judgment or to make any order *nunc pro tunc*."

There was no memorandum or minute of the clerk or the judge made at the previous term of court but the evidence was all *aliunde*. Under the circumstance, therefore, the authorities reviewed amply sustain the action of the trial court in overruling defendants' motion, and the judgment is accordingly affirmed. All concur.