WILLIAM M. CLANCY, Plaintiff in Error, v. HERMAN C. G. LUYTIES REALTY COMPANY.—10 S. W. (2d) 914.

Division One, November 16, 1928.

*Raleigh McCormick* and *Lee A. Hall* for plaintiff in error.

GENTRY, J.—The plaintiff in error was plaintiff in a suit asking for specific performance of a written contract, executed by defendant, a domestic corporation, hereinafter called the realty company, whereby it was alleged that it agreed to convey to plaintiff certain real estate in Kenwood Springs in St. Louis County, Missouri. Attached to the petition is an exhibit, which is the written contract for the sale of said property signed by the parties, and dated June 4, 1919. One O. B. Bottorff was also made a defendant. The answer of the defendants admitted the incorporation of the realty company, but denied generally the other allegations or the petition. A trial at the May term, 1923, of the circuit court, on July 5, 1923, resulted in the finding for plaintiff and a decree requiring the defendant realty company to perform the contract by executing to the plaintiff a general warranty deed to the property. There was a finding for the defendant Bottorff. The decree, as entered, made no mention of a deed of trust on the property, or that the conveyance required to be made was to be subject to a deed of trust. In the decree, the court adjudged the costs against the plaintiff.

No appeal was taken by either party, although on July 10, 1923, plaintiff filed a motion for a new trial. This motion was overruled at the September term, 1923, on December 3, 1923. At the January term, 1924, and on April 25, 1924, defendant realty company filed a motion for an order *nunc pro tunc* to correct the judgment entered. On said day defendant appeared in court by its attorney, but the record does not show that plaintiff was either present or was notified that such a motion would be filed and presented to the court that day. After certain evidence offered by defendant realty company, the court made an order *nunc pro tunc,* amending said decree; the amendment consisted of the insertion of the following words: "subject, however, to the deed of trust now of record upon said property in the amount of $500." The inserted words follow immediately after the words, "in accordance with the terms and conditions of said contract."

There is no bill of exceptions in this case and, as above stated, no appeal was taken; but plaintiff has sued out a writ of error and

claims (1) that the trial court was without authority to make an order *nunc pro tunc*, on motion of defendant, at a subsequent term of court from that at which the judgment was rendered without notice to plaintiff, and (2) that the court erred in taxing the costs of this cause against the plaintiff.

There being no bill of exceptions, this court cannot either review the testimony or the alleged statements made by the trial judge, nor the remarks of counsel, nor the assignments of error set forth in the motion for new trial. [Newton v. Newton, 162 Mo. l. c. 182; State ex rel. v. Boyle, 181 Mo. l. c. 696.]

I. As errors sometimes occur in a judgment, due to a mistake in entering the same, our law very wisely provides that the court may at a later term correct such judgment by an order *nunc pro tunc*. This is usually done by a motion filed by one party, and the same is taken up and considered by the court, after notice to the opposite party. It is fundamental that an order *nunc pro tunc* cannot be made unless there is some minute, order or paper in the case upon which to base the same. This has long been the law in this State. [Hyde v. Curling, 10 Mo. l. c. 362; Gibson v. Chouteau, 45 Mo. l. c. 173; Gamble v. Daugherty, 71 Mo. 599; Railroad v. Holschlag, 144 Mo. l. c. 256; Young v. Young, 165 Mo. l. c. 530; 1 Freeman on Judgments, sec. 127; 2 Thompson on Trials, secs. 2820-6.] In other words, the court cannot, at a subsequent term, correct a judgment at a former term, as said judgment has become final, and the court has lost jurisdiction. [Jeude v. Sims, 258 Mo. l. c. 44.] As stated by an eminent author, "The law does not permit any judicial tribunal to exercise a revisory power over its own adjudications, after they have, in contemplation of the law, passed out of the 'breasts of the judges.'" [1 Freeman on Judgments, sec. 221.] But if an error has been made in the entering of a judgment and there is sufficient record evidence of such error, the court may make such an order. In citing numerous authorities, Sherwood, J., in delivering the opinion of this court, said: "A *nunc pro tunc* judgment, at a subsequent term, can only be made upon evidence furnished by the papers and files in the cause, or something of record, or in the clerk's minute book, or on the judge's docket. In other words, a *nunc pro tunc* entry can only be employed to correct a clerical mistake or misprision of the clerk. It can never correct a mistake or oversight of the judge, nor be used to correct judicial errors, nor to render a judgment different from that actually rendered, even though the judgment actually rendered was not the judgment the judge intended to render." [Burnside v. Wand, 170 Mo. l. c. 543.] Verbal statements made by the judge at the time the order was made, the understanding of the judge or the suggestion of

counsel are not sufficient. Whether the circuit court had sufficient legal evidence to justify the making of such an order is a matter which we cannot in this proceeding pass upon, for the reason that there is no bill of exceptions showing what that evidence was. It will readily be seen that before the court should make such an order, evidence of the proper kind should be offered justifying the making of same; and, of course, the opposite party should have had an opportunity to appear at the hearing of such evidence; and should have been given an opportunity to offer evidence in opposition thereto. The making of an order of this character at a subsequent term of court, without notice to and in the absence of the plaintiff and his counsel was error. The plaintiff's rights were, by such proceeding passed on without opportunity having been given him to be present, as he had a right to be. The plaintiff had a right to be present and to cross-examine the clerk in regard to the papers produced and in regard to any minute appearing on a book, as well as to ascertain the fact that such book was a minute book kept by the clerk or by the judge. [Mann v. Schroer, 50 Mo. l. c. 307-8; Maguire v. Maguire, 3 Mo. App. l. c. 462; and opinion of Judge Goode in case of Pulitzer Publishing Company v. Allen, 134 Mo. App. l. c. 232.] For the error in making such order in the absence of and without notice to the plaintiff the judgment and order nunc pro tunc will have to be reversed.

II. Complaint is also made by plaintiff in error that the trial court adjudged the costs of this cause against him, but no reason therefor is given. Under our statute, and the decisions of this court construing the same, the trial court may under certain circumstances enter a judgment for the plaintiff and adjudge the costs against him. This being a discretion of the trial court such discretion cannot be reviewed in this court in the absence of proof showing that it was improperly exercised. [Bender v. Zimmerman, 135 Mo. 53.] If plaintiff desired this court to pass on the question of the judgment for costs against him, he should have, within four days, filed a proper motion assigning this as an error, and given the trial court an opportunity to correct such error. Then, if his motion was overruled, he should have preserved the same by a bill of exceptions. [Burton v. Railroad, 275 Mo. l. c. 194-5, 204 S. W. 501; Bush v. Norman, 205 Mo. App. l. c. 677; Beecham v. Evans, 136 Mo. App. l. c. 420-1; Ramsey v. Rothwell, 168 Mo. App. l. c. 275; Thomas v. Boatright, 217 Mo. App. l. c. 276-7, 263 S. W. l. c. 465; Mueller v. National Hay and Milling Co., 258 S. W. 742.] In view of the present state of the record, there being no motion for new trial before us, we are therefore unable to pass on the question of the judgment against plaintiff for costs.

For the reason stated in paragraph one, the judgment and order *nunc pro tunc* is reversed, and the cause is remanded in order that defendant may, if it so desires, give a proper notice and offer evidence in support of its motion asking for an order *nunc pro tunc.* All concur.