**Annie BISHOP, Plaintiff-Appellant,**

v.

**Willie James BISHOP, Defendant-Respondent.**

**No. 36045.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

March 11, 1975.

Gerald Cohen, St. Louis, for plaintiff-appellant.

Francis M. Oates, St. Louis, for defendant-respondent.

McMILLIAN, Judge.

Plaintiff appeals from a judgment entered by the Circuit Court of the City of St. Louis, Missouri, denying her petition seeking a decree of divorce. We reverse and remand.

In November, 1972, plaintiff filed a petition seeking a divorce on the grounds of general indignities, § 452.010, RSMo 1969 V.A.M.S. She charged that defendant (1) failed and refused to support her and their four children; (2) threatened her life with a gun; (3) struck her on numerous occa-

sions; and (4) drank intoxicating beverages to an excess.

Defendant filed a general denial in April, 1973 and in October, 1973, his cross-bill for a divorce. Not unlike plaintiff, he, too, alleged indignities, charging that plaintiff (1) frequented gambling establishments and places where narcotics were being dispensed; (2) was unduly influenced by her parents; (3) stayed away from home on weekends; and (4) did not properly care for their children.

On the same day that defendant filed his cross-bill for divorce, the court heard the case and took it under submission. Each party testified and substantially offered evidence in support of his or her allegations. On January 9, 1974, the court denied plaintiff's petition for a divorce and defendant's cross-bill.

On January 15, 1974, plaintiff filed a motion to set aside the court's judgment entered on January 9, 1974 and to enter a decree of dissolution—because the "Statute on dissolution of marriages, §§ 452.300 to 452.400 (L.1973, H.B. 315) effective January 1, 1974, required the court to dissolve the marriage."

On February 8, 1974, the court overruled plaintiff's motion to set aside the judgment. Later on, the same day, the court (1) set aside and held for naught its earlier order overruling plaintiff's motion to set aside the January 9, 1974 judgment; (2) set aside the January 9, 1974 judgment which had denied and dismissed plaintiff's petition for divorce and defendant's cross-bill; and (3) reinstated by a *nunc pro tunc* order as of December 31, 1973, both the petition for divorce and cross-bill, and then dismissed both with prejudice.

At the outset defendant seeks to dismiss plaintiff's appeal because of plaintiff's flagrant violation of our rules, particularly Rule 84.04(d) V.A.M.R. While we agree that plaintiff's brief leaves much to be desired and offends in the manners set forth by defendant, nevertheless, we re-

sist the temptation to dismiss the appeal and decide the case on the merits.

To support her appeal, plaintiff claims that the court erred in the following two respects: (1) by failing to apply the provisions of the newly enacted statute on dissolution of marriages to its January 9, 1974 ruling; and (2) by entering a *nunc pro tunc* order on February 8, 1974, to correct its erroneous January 9, 1974 judgment, Aronberg v. Aronberg, 316 S.W.2d 675 (Mo.App.1958).

Even defendant concedes that if the *nunc pro tunc* order entered by the court was error that the error should be deemed by us to be harmless. Because on February 8, 1974, even applying the provision of the newly enacted statutes on dissolution of marriages, the court could have rendered the same judgment that it attempted to enter as of December 31, 1973, i. e., the court could have found that the marriage between plaintiff and defendant was not irretrievably broken. We refuse, however, to speculate as to what the court could or might have done had it followed the applicable law.

■ In the instant case, we find a glaring abuse of the use of a *nunc pro tunc* order. Uniformly we have held that an order nunc pro tunc can only be used to correct clerical or administrative errors, not judicial errors, Aronberg v. Aronberg, supra. In Aronberg the court said, " . . . Such an entry cannot be invoked to correct a mistake or oversight of the judge, nor be used to correct judicial errors, . . . " l.c. 681. The court also stressed, quoting from 10 A.L.R. 568, that an order nunc pro tunc is to repair not rebuild and is not to be confounded with a power to create a new record—and that such an order presupposes an existing record in which there is a clerical mistake, defect, or lack which should, and, if known, would have been rectified or supplied at the time. Here we have no evidence whatsoever of the judge's minutes, or the clerk's entries, or any other papers in the cause to authorize the correction which the court attempted to make. Consequently, we hold that the court erroneously attempted to set aside the January 9, 1974, judgment and to back date its order to December 31, 1973, and that the nunc pro tunc order was null and void.

■ Having held that the court erroneously entered the February 8, 1974, nunc pro tunc order, the question now becomes the applicability of Chapter 452 (L.1973, H.B. 315). Section 452.415(2) (L.1973, H.B. 315, § 24) provides: " . . . Sections 452.300 to 452.415 apply to all pending actions and proceedings commenced prior to January 1, 1974, *with respect to issues on which a judgment has not been entered*. Pending actions for divorce or separation are deemed to have been commenced on the basis of irretrievable breakdown . . . " (Emphasis added.) Here the action was commenced as a divorce on November 27, 1972, and was heard on October 4, 1973. On January 1, 1974, the effective date of Chapter 452 (L.1973, H.B. 315), no judgment or decision had been entered by the trial court. In this posture of the case, the court, on January 9, 1974, entered an order denying and dismissing plaintiff's petition and defendant's cross-bill for a divorce. Inasmuch as § 452.320(2) (L.1973, H.B. 315, § 5) was specifically made applicable by § 452.415(2), the court was required to make a finding as to whether or not the marriage was irretrievably broken. Thus the issue for a decision on January 9, 1974, was not whether either plaintiff or defendant was entitled to a divorce on their respective pleading, but, rather, whether or not the marriage was irretrievably broken.

Since the court failed to consider whether or not the marriage was irretrievably broken pursuant to § 452.320, supra, we reverse and remand for further proceedings for a determination of this issue in accordance with this opinion.

Judgment reversed and remanded with directions.

SIMEONE, P. J., and GUNN, J., concur.